UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS REINHARDT,

    Petitioner,

v.                                                            Case No. 8:24-cv-726-MSS-AEP
                                                           Case No.: 8:21-cr-273-MSS-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner Nicholas Reinhardt moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 3) Reinhardt pleaded guilty to conspiracy to distribute and distribution of methamphetamine, heroin, and fentanyl and currently serves a below-guidelines sentence of 200 months. He challenges his career-offender sentencing enhancement and claims counsel rendered constitutionally ineffective assistance. He is entitled to no relief because his claims are untimely and meritless.

**I.    Background**

In October of 2019, federal law enforcement agents learned that Reinhardt was selling methamphetamine near Eustice in the Middle District of Florida. In a series of transactions that occurred on October 16, 2019, February 13, 2020, and March 5, 2020, Reinhardt sold methamphetamine, heroin, and fentanyl to a confidential informant and an undercover federal agent. (Crim. Doc. 120 at 3–6; Crim. Doc. 193 at 23–24)

A grand jury charged Reinhardt with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) (Count One);

distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2 (Count Two); and distribution of heroin, fentanyl, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three). (Crim. Doc. 1) Reinhardt pleaded guilty as charged without a plea agreement. (Crim. Doc. 130)

Reinhardt faced an enhanced sentence as a career offender due to his 2013 Florida conviction for resisting a law enforcement officer with violence and his 2016 Florida conviction for the sale of methamphetamine. (Crim. Doc. 160 at ¶¶ 38, 51, and 53). Reinhart's total offense level of 34 and his criminal history category of VI produced an advisory guidelines range of 262 to 327 months. (*Id*. at ¶ 109)

At sentencing, Reinhardt lodged no objection to the factual accuracy of the presentence report. (Crim. Doc. 194 at 5) After considering the § 3553(a) factors, the district court sentenced Reinhardt to 200 months' imprisonment—62 months below the low end of the guidelines range. (*Id*. at 33) The downward variance was warranted because of Reinhardt's "personal history and characteristics[,]" "the overstatement of [his] criminal history insofar as his qualification for career offender status[,]" and "to avoid any unwarranted sentencing disparities." (*Id*. at 35)

Reinhart filed no appeal. Now, in his amended § 2255 motion, Reinhart claims that his conviction for resisting a law enforcement officer with violence is not a predicate crime of violence to justify the career offender sentencing enhancement (Ground Two), and that counsel was ineffective for not challenging the career offender enhancement on this basis (Ground One).

The United States responds that counsel was not ineffective for not objecting to the career offender enhancement because a Florida conviction for resisting a law enforcement officer with violence is a qualifying crime of violence. Additionally, the United States moves to dismiss Reinhardt's motion as untimely.[1]

An earlier order instructed that Reinhardt may file a reply to the United States' response within thirty days. (Civ. Doc. 4) The United States filed its response on July 18, 2024, and Reinhardt neither replied nor sought an extension of time to do so.

## II. Discussion

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). The one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government al action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The United States correctly argues that Reinhardt procedurally defaulted his challenge to the career offender sentencing enhancement by failing to raise this issue on appeal. (Civ. Doc. 5 at 9–11) The district court rejects Reinhardt's claims as untimely and meritless. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *Garrison v. United States*, 73 F.4th 1354, 1359 n.9 (11th Cir. 2023) (same).

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Reinhardt's judgment of conviction was entered December 21, 2022. (Crim. Doc. 188) Because he did not appeal, his judgment became final 14 days later, on January 4, 2023, when the time for filing a direct appeal expired. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Therefore, under § 2255(f)(1), Reinhardt had until January 4, 2024, to file his § 2255 motion. Reinhardt did not file his initial § 2255 motion until March 19, 2024, the date on which he signed the motion while incarcerated. *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)) (when determining whether a § 2255 motion is timely, "[w]e apply the prison mailbox rule, under which 'a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing'"). Thus, Reinhardt's § 2255 motion is untimely under § 2255(f)(1).

When asked to explain why the one-year statute of limitations does not bar his claim, Reinhardt incorrectly asserts that "this motion is timely when you factor in the one year deadline and the 90 days to file a writ of certiorari." (Civ. Doc. 3 at 11)  Reinhardt does not receive the benefit of the 90-days within which to file a petition for *certiorari* after the circuit court entered its judgment because he filed no appeal. Instead, as explained *supra*, his conviction became final 14 days after entry of the district court's judgment, when the time for filing a direct appeal expired. *Akins*, 204 F.3d at 1089 n.1 ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). Reinhardt filed his § 2255 motion on March 19, 2024, two-and-a-half months after the January 4, 2024, deadline expired.

4

When asked to explain why he had not previously presented the claims contained in his § 2255 motion, Reinhardt writes (Civ. Doc. 3 at 7):

> Ground One and Ground Two has never been raised because I was unaware of these grounds until I did my own research and discovered how other circuits define Florida Statute 843.01 Resisting Arrest with Violence. Also, the Bureau of Prisons does not provide inmates access to state statutes or case-law which is used in every federal sentences.

The district court generously construes this explanation as an argument for equitable tolling of the limitations period.

"[E]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotations omitted). Equitable tolling can apply to a § 2255 motion. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). To toll the limitation period, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence', not 'maximum feasible diligence.'" *Id.* (citations omitted). "The focus of the inquiry regarding extraordinary circumstances is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotations omitted). The extraordinary circumstance must be "both beyond [the movant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Dodd*, 365 F.3d at 1282 (quotations omitted).

5

Reinhardt is not entitled to equitable tolling of the limitation period because he does not show that he exercised reasonable diligence in pursuing his rights or that an extraordinary circumstance prevented him from timely filing his § 2255 motion despite his reasonable diligence. In one sentence, and without any elaboration, Reinhardt states that the "Bureau of Prisons does not provide inmates access to state statutes or case-law." (Civ. Doc. 3 at 7) To the extent he contends that lack of access to legal materials excuses his late filing, this meager assertion is insufficient to raise the issue of equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."). And, Reinhardt fails to show he exercised reasonable diligence in ascertaining the limitations period. His claim lacks "the necessary specificity to show when he found out about the [prison] library's alleged deficiency and what—if anything—he did to remedy the defect." *Helton v. Sec'y, Dept. of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001). For example, he neglects to allege that he requested access to statutes or caselaw and was denied those materials. And, he "fails to state any independent effort he made to determine when the relevant limitations period began to run, let alone that the [Bureau of Prisons] somehow thwarted his efforts." *Id*. Thus, the record is "insufficient to support a connection between [Reinhardt's] untimely filing and any alleged inadequacies in the prison library." *Id*.; *see also Bell v. Sec'y, Dept. of Corr.*, 248 F. App'x 101, 104 (11th Cir. 2007)[2] (ruling that the movant "failed to establish that his inability to access the prison law library was an extraordinary circumstance that prevented him from timely filing his § 2254 petition despite his due diligence"). Accordingly, Reinhardt's claims are untimely.

---

[2] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

6

B.     **Merits**

And, even if Reinhardt timely filed his § 2255 motion, he is entitled to no relief because his claims lack merit. In Ground Two, Reinhardt claims that his 2013 Florida conviction for resisting a law enforcement officer with violence is not a predicate crime of violence to justify his career offender enhancement. In Ground One, he asserts a related claim that counsel was ineffective for not challenging the career offender enhancement on this basis.

To succeed on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, the district court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*) (citations omitted).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citations omitted).

A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 2004).

Under Florida Statute § 843.01, any person who "knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer," is guilty of resisting a law enforcement officer with violence. Fla. Stat. § 843.01(1). Florida courts interpreting § 843.01 have held that "violence is a necessary element of the offense." *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (citing cases) ("[F]ederal courts are bound by a state supreme court's interpretation of state law, including its determination of the elements of the underlying state offense.").

Reinhardt's claims are foreclosed by binding circuit precedent. A conviction under Florida law for resisting an officer with violence constitutes a predicate crime of violence for purposes of the career offender enhancement under § 4B1.2(a)(2). *United States v. Romo-Villalobos*, 674 F.3d 1246, 1249 (11th Cir. 2012) (concluding that a conviction under Fla. Stat. § 843.01 constitutes a crime of violence for purposes of the elements clause of U.S.S.G. § 2L1.2(b)(1)(A)(ii), which has the same language as the Armed Career Criminal Act's elements clause); *see also Hill*, 799 F.3d 1318, 1320 (11th Cir. 2015) (ruling that a violation of Fla. Stat.

§ 843.01 qualifies as a crime of violence under the ACCA's elements clause);[3] *United States v. Marius*, 678 F. App'x 960, 963 (11th Cir. 2017) (relying on *Romo-Villalobos* to find that a Florida conviction for resisting a law enforcement officer with violence, in violation of Fla. Stat. § 843.01, categorically qualifies as a crime of violence under the elements clause of the Sentencing Guidelines).

Reinhardt's reliance on *United States v. Borden*, 593 U.S. 420 (2021), is misplaced. In *Borden*, which issued one year before Reinhardt was sentenced in 2022, the Supreme Court concluded that criminal offenses with a *mens rea* of recklessness cannot qualify as a "violent felony" under the ACCA's elements clause to enhance a defendant's sentence. 593 U.S. at 423. "*Borden* . . . did not overrule [Eleventh Circuit] precedent or undermine it to the point of abrogation, because [Eleventh Circuit] pre-*Borden* precedent had already held that an offense under Fla. Stat. § 843.01 cannot be committed with a *mens rea* of recklessness." *United States v. Young*, No. 23-12386, 2024 WL 3355376, at *2 (11th Cir. July 10, 2024) (concluding that "the district court did not err in determining that [the defendant's] two prior state convictions under Fla. Stat. § 843.01 qualified as violent felonies and therefore predicate offenses under the ACCA, as [the Eleventh Circuit] [has] concluded that such convictions are categorically violent felonies under the ACCA's elements clause"). Because a violation of Fla. Stat. § 843.01 cannot be committed with a *mens rea* of recklessness, *Borden* is inapposite and affords Reinhardt no relief.[4]

---

[3] "Because the [§ 4B1.2(a) elements clause . . . and the ACCA elements clause . . . are virtually identical, [the Eleventh Circuit] looks to the Supreme Court's and [the Eleventh Circuit's] own decisions applying the [ACCA] . . . in considering whether an offense qualifies as a crime of violence under the Guidelines, and vice versa." *United States v. Ochoa*, 941 F.3d 1074, 1107 (11th Cir. 2019).

[4] Reinhardt argues that Fla. Stat. § 843.01 "is too broad to qualify for career offender predicate based on the Supreme Court's decision in Johnson 2010." (Civ. Doc. 3 at 4) *Johnson v. United States*, 559 U.S. 133, 138 (2010), held in the context of an ACCA challenge that "we are . . . bound by the Florida

9

And, because a Florida conviction for resisting a law enforcement officer with violence constitutes a qualifying crime of violence to support the career offender enhancement, counsel cannot be ineffective for failing to challenge the career offender enhancement on this basis. "[C]ounsel [does] not perform deficiently by failing to raise a meritless objection." *Hollis v. United States*, 958 F.3d 1120, 1124 (11th Cir. 2020); *see also Denson v. United States*, 804 F.3d 1339, 132 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

### III.   Conclusion

Accordingly, Reinhardt's amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 3) is **DENIED**. The **CLERK** is directed to enter a judgment against Reinhardt, to terminate any pending motions, to **CLOSE** this case, and to enter a copy of this order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Reinhardt is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Reinhardt must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

---

Supreme Court's interpretation of state law, including its determination of the elements" of a particular state offense. *Johnson*, which issued 12 years before Reinhardt was convicted and sentenced, does not call into question this circuit's binding precedent that a conviction under Fla. Stat. § 843.01 is a qualifying crime of violence and affords Reinhardt no relief.

U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Reinhardt has not shown that reasonable jurists would debate either the merits of the claims or the procedural issues. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Reinhardt must obtain permission from the circuit court to appeal *in forma pauperis*.

    **DONE and ORDERED** in Chambers in Tampa, Florida, this 21st day of May, 2025.

                                          MARY S. SCRIVEN
                                          UNITED STATES DISTRICT JUDGE